UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILBERT KITSON ANDREW TURNER,

          Plaintiff,

-against-

THOMAS SOCHER, *et al.*,

          Defendants.

19-CV-11842 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at the Metropolitan Correctional Center (MCC), brings this *pro se* action, alleging that immigration authorities violated his rights by deporting him. By order dated January 17, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth in this order, the Court dismisses the complaint under the doctrine of claim preclusion.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff, a Jamaican national, brings this civil action against: (1) former immigration agents from New York, Thomas Socher and Shirley Gattison; (2) the former Immigration and Naturalization Service (INS); (3) the Stamford Police Department (Stamford PD); (4) Zach Lowe, a reporter for the Stamford Advocate; and (5) the Stamford Advocate. He invokes this Court's federal question jurisdiction as the basis for this Court's jurisdiction over his claims and

states that Defendants violated his right to "due process." (ECF No. 2 at 2.) He claims that his initial deportation, which occurred in the 1990s, was "fraudulently obtained by Sochor." (*Id.* at 44.) For relief, he seeks money damages.

> Plaintiff alleges the following:
>
> Thomas Socher, Shirley Gattison in there [sic] official capacity as agents of the Immigration and Naturalization Service committed various criminal acts, perjury, malfeasance, vindictive and sham prosecution. The acts by these two individuals led to Plaintiff['s] illegal removal from the United States. To uncover the truth I re-entered the United States and while trying to uncover the truth Thomas Sochor used the power of his office to obstruct and deny justice, tampered with federal documents . . . Socher continued his criminal conduct and influence until he retired.

(*Id.* at 4.) He also alleges that in 1993,

> Socher asked for help in tracking down Hitler and Sleepy in return[ ] he would fix[ ] the problem with the deportation. [Plaintiff] was more than willing to make that trade off.

(*Id.* at 46.)

The events giving rise to Plaintiff's claims transpired in Norfolk, Virginia, on several dates over three decades, commencing on May 22, 1990 (*id.*), when Socher and Plaintiff discussed "a Jamaican gang operating in the Tidewater area." (*Id.* at 9.) This conversation, Plaintiff asserts, led to his first deporation.

Plaintiff also brings claims against the Stamford PD concerning its "collusion . . . [with] Special Agent Thomas Sochor," in effectuating Plaintiff's deportation. (*Id.* at 44.) And the events giving rise to Plaintiff's claims against Lowe and the Stamford Advocate, which occurred on September 23, 2007, concern an article Lowe "wrote . . . about illegal immigration . . . [where he] claim[ed] Plaintiff was a member of a Jamaican gang that ran havoc. (*Id.* at 10.)

As a result of Plaintiff's being removed from this country, he "was not able to live and work in this country for 29 years." (*Id.* at 5.) Moreover, he "was criminally prosecuted 6 times

3

for illegal re-entry." Because he was "unable to work [he was] force[d] into illegal activities." (*Id.*) When he was deported to Jamaica, he "was shot twice . . . by family member of one suspect Hitler who [he] spoke with Sochor about." (*Id.* at 4.)

According to this Court's records, on April 29, 2019, Plaintiff pleaded guilty to distributing crack, and on August 22, 2019, Judge Kenneth M. Karas sentenced Plaintiff to 46 months' incarceration and three years' supervised release. *United States v. Turner*, ECF 1:17-CR-0549, 55. Plaintiff is currently detained at MCC, awaiting designation to a federal facility to serve his sentence.

According to publicly available records, Plaintiff has been convicted of illegal reentry at least three times.[2] *See United States v. Turner*, No. 08-CR-0034 (D. Conn. April 14, 2011); *United States v. Turner*, No. 98-CR-0332 (S.D.N.Y. Jan. 31, 2000); *United States v. Turner*, No. 95-CR-0132 (E.D. Va. Jan. 11, 1996). Plaintiff also has filed at least three cases[3] regarding his criminal and immigration proceedings, some of which have been brought against the defendants named in this action. *See Turner v. ICE*, No. 18-CV-1476 (D. Ct. Jan. 11, 2019) (dismissed under 28 U.S.C. § 1915(e)(2)(b) for failure to state a claim) ("*Turner I*"); *Turner v. Gattison*, No. 09-CV-0071 (E.D. Va. Mar. 2, 2009) (dismissed under 28 U.S.C. § 1915A);[4] *Turner v. Dellapia*, ECF 1:18-CV-1973, (S.D.N.Y., stayed pending outcome of *Turner*, ECF 1:17-CR-0549, 55).

---

[2] In one of Plaintiff's criminal cases, the electronic filing system does not provide any information regarding the charges or disposition of the case. *See United States v. Turner*, No. 93-CR-0010 (E.D. Va., case closed on July 23, 1993). Thus, the Court cannot conclude that this case did not concern an illegal reentry conviction.

[3] Plaintiff has a lengthy, nationwide litigation history. But many of his cases were filed when electronic access to complaints was unavailable. Thus, the Court cannot determine conclusively whether the cases identified in this order include all of Plaintiff's cases related to his criminal and immigration proceedings.

[4] This provision provides district courts with the authority to dismiss cases filed by prisoners "if the complaint[:] (1) is frivolous, malicious, or fails to state a claim upon which

In *Turner I*, Plaintiff brought a civil action in the District of Connecticut against the Stamford PD, the Stamford Advocate, Lowe, Socher, Gattison, and the U.S. Immigration Customs and Enforcement (ICE), asserting that the Stamford PD "acted in concert with immigration . . . to have Plaintiff illegally remove[d] from the U.S.A." No. 18-CV-1476 (No. 1). In that action, Plaintiff alleged that

> Thomas S. Socher along with an unknown agent presented fraudulent documents to a court which ultimately lead to an ab[s]entia hearing which a judge concluded that these bogus documents were authentic and had plaintiff remove[d] in an absentia hearing January 1991.

(*Id.*) Plaintiff also alleged that Lowe wrote an article for the Stamford Advocate featuring Plaintiff and containing "malicious lies fabricated by [the Stamford Police Department]." *Turner v. ICE*, No. 18-CV-1476 (No. 1-1 at 15).

The district court in the District of Connecticut referred Plaintiff's case to a magistrate judge, who recommended dismissing the complaint for failure to state a claim. *Id.* (No. 8.) Plaintiff was notified of this recommendation and provided with 14 days to file objections. *Id.* Plaintiff did not file objections, and the district court dismissed the action for failure to state a claim. *Id.* (No. 10.)

## DISCUSSION

Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant

---

relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

5

and claims that the plaintiff could have brought in that earlier action but did not." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018). The doctrine "'serves the interest of society and litigants in assuring the finality of judgments, [and] also fosters judicial economy and protects the parties from vexatious and expensive litigation.'" *Id.* at 237 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)). Claim preclusion generally applies if "(i) an earlier action resulted in an adjudication on the merits; (ii) that earlier action involved the same counterparty or those in privity with them; and (iii) the claim sought to be precluded was raised, or could have been raised, in that earlier action." *Id.*

A "dismissal for failure to state a claim operates as 'a final judgment on the merits and thus has *res judicata* effects.'" *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (quoting *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009)). This includes a dismissal based on claim preclusion itself. *See Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-06 (2d Cir. 2002) (holding that plaintiff's IFP action, which was dismissed as barred by *res judicata*, was properly dismissed for failure to state a claim on which relief may be granted).

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, *see Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001), or, in other words, whether facts essential to the second suit were present in the first suit, *NLRB v. United Techs. Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue. *See, e.g.*, *Grieve v. Tamerin*, 269 F.3d 149, 154 (2d Cir. 2001) (affirming district court's dismissal on grounds of issue preclusion even though defendant failed to plead that defense, and noting that "principles of preclusion involve" not only "the rights and interests of the parties," but also "important interests of the public and the courts in avoiding repetitive litigation and potentially inconsistent decisions"); *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

The elements of claim preclusion are satisfied here. In *Turner I*, Plaintiff sued the same defendants[5] regarding his removal from the United States, and the District of Connecticut dismissed the complaint on the merits. In *Turner I* and this action, Plaintiff raised the same claims: (1) the Stamford PD colluded with immigration authorities to effectuate his deportation; (2) Socher, Gattison, and the former INS violated Plaintiff's rights with respect to Plaintiff's first deportation; and (3) in 2007, Lowe wrote an article featuring Plaintiff that the Stamford Advocate published. As the facts giving rise to Plaintiff's claims predated the filing of *Turner I*, any claim not raised in that action but raised here is also barred because such a claim arises out of the same transaction or series of transactions asserted in *Turner I*.

---

[5] In this new action, Plaintiff names the former INS as a defendant. The INS was an agency of the U.S. Department of Justice but was replaced in 2003 by the U.S. Department of Homeland Security (DHS).

Plaintiff brings this action to challenge events that occurred decades ago. But Plaintiff already brought *Turner I* to challenge these same events. As both actions concern the same claims and parties, the Court concludes that the doctrine of claim preclusion bars this new action.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 11, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge